NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| GLENN FROMMER, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 07-4066 (GEB) (JJH) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| CELANESE CORPORATION, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of defendant Celanese Corporation ("Celanese") to dismiss the Employee Retirement Income Security Act ("ERISA") count in the Complaint for the failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court will grant the motion to dismiss.

**I.    BACKGROUND**

On July 16, 2007, plaintiff Glenn Frommer ("Frommer") filed a Complaint in the Superior Court of New Jersey, Law Division, Somerset County. Celanese removed the case to this Court on August 24, 2007, and filed the present motion to dismiss on September 14, 2007.

In the Complaint, Frommer alleges that in February 2005, while he was employed at "National Starch," "Celanese aggressively sought [his] employment." Compl. ¶ 4.[1] Frommer

---

[1] In considering the present Rule 12(b)(6) motion to dismiss, the Court "must accept all well pleaded allegations in the complaint as true and view them in the light most favorable to

"advised Celanese that he would only consider an offer from Celanese which in the very least matched or exceeded the terms of his then current package provided at National Starch." Id. at ¶ 7. "National Starch had a long-term incentive plan, and a severance plan that paid at termination a severance payment of two weeks compensation times years of service times 1.20 (age factor) and payment for six months COBRA coverage, among other benefits." Id. at ¶ 6. On February 7, 2005, Celanese made a formal written offer of employment to Frommer. Id. at ¶ 8. The terms of the written offer included a base salary, a "sign-on bonus," vacation days, an annual bonus, and payments made pursuant to a "2004 Long-Term Incentive Plan." Id. at ¶ 9. The written offer did not include severance benefits. Id.; Avallone Certification Ex. B (written offer of employment from Celanese to Frommer, dated February 7, 2005).[2] In addition to the written offer, "it was represented that 'Celanese has agreed to provide severance benefits that are no less favorable overall as [sic] the severance benefits provided under the National Starch Severance Plan' taking into account service with both National Starch and Celanese." Compl. ¶ 11; Pl. Br. at 11.

Frommer asserts that he was a model employee, but he was terminated by Celanese on May 10, 2007 as part of "a systemic pattern of terminating older workers and replacing them with

---

plaintiff." Angelastro v. Prudential-Bache Sec., Inc., 764 F.2d 939, 944 (3d Cir.), cert. denied, 474 U.S. 935 (1985).

[2]Although in ruling on a motion to dismiss, a court generally may not consider matters extraneous to the pleadings, a court can do so if the document is integral to or explicitly relied upon in the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). The Court will consider the written offer of employment submitted with Celanese's motion to dismiss because it is expressly referenced in the Complaint. See Compl. ¶¶ 8, 9. Frommer has neither contested the authenticity of the document nor objected to the Court's consideration of it on this motion to dismiss.

younger people." Id. at ¶ 21-22, 32. After Frommer's termination, Celanese presented him with a proposed separation agreement. Id. ¶ 26. The terms of the proposal included "a lump sum of one year salary, payment of unused vacation, three months of COBRA payments, and three months outplacement." Compl. ¶ 28. The proposal is "unacceptable" to Frommer because it allegedly "fails to comport with the company's contractual and legal obligations," "seeks non-compete restrictions without compensation" and "is illegal due to age discrimination." Id. ¶ 27.

Frommer seeks recovery pursuant to the Employee Retirement Income Security Act ("ERISA"). Id. at ¶38-41. Frommer also seeks recovery under breach of contract and promissory estoppel theories. Id. at ¶ 42-45. Finally, Frommer seeks recovery under New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1, et seq. for age discrimination. Id. at ¶¶ 46-48.

Celanese moves to dismiss the ERISA count based on the alleged failure of the Complaint to: (1) identify a plan governed by ERISA; (2) allege that the severance was denied pursuant "to the terms of a plan;" and (3) allege that Frommer exhausted his administrative remedies under a plan.

Frommer counters that the Complaint "satisfies the requirements for a short and plain statement, proper notice and grounds for the claim." Pl. Br. at 10. Frommer claims that the Complaint alleges that "he was a beneficiary for severance plan benefits from Celanese that were to be no less than he would have received at National Starch" and that "there is no doubt" that such severance plan benefits are governed by ERISA. Id. Frommer also contends that he is "a participant as defined under ERISA," and therefore was "entitled to receive National Starch equivalent severance benefits under Celanese's severance plan." Id. at 11.

Frommer claims that he need not identify a specific ERISA plan in the Complaint because "every element of a claim need not be alleged in a Complaint." Id. at 8, 11. Frommer also argues that the fact that Celanese established and administers a severance plan is "implied in the allegations of the complaint." Id. at 11. Further, he states that his "lack of knowledge of how Celanese processed its severance obligations to the plaintiff should not however absolve the defendant from plaintiff's ERISA claim." Id. at 12.

## II.   STANDARD OF REVIEW

A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007) (abrogating the Conley standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level. Id. at 1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

## III.   DISCUSSION

The Complaint seeks recovery under ERISA for "defendant's failure to pay severance plan benefits." Compl. ¶ 41. Frommer bases his ERISA claim on 29 U.S.C. § 1132(a)(1)(B), which permits a "participant or beneficiary" to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." "Plan, " in turn, is defined in 29 U.S.C. §

1002(3) as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both."

A severance plan can constitute an "employee welfare benefit plan,"[3] but "severance benefits do not implicate ERISA unless they require the establishment and maintenance of a separate and ongoing administrative scheme." Angst v. Mack Trucks, Inc., 969 F.2d 1530, 1538 (3d Cir. 1992) (citing Fort Halifax Packing Co. v. Coyne, 482 U.S. 1 (1987)); see also Brennan v. Cephalon, Inc., No. 04-3241 (FLW), 2005 WL 2807195, at *15 (D.N.J. Oct. 25, 2005) ("ERISA applies to a severance arrangement only if it rises to the level of a 'plan'") (internal citation omitted). In other words, "[t]he crucial factor in determining whether a 'plan' has been established is whether [the employer has expressed an intention] to provide benefits on a regular and long term basis." Deibler v. United Food & Commercial Workers' Local Union 23, 973 F.2d 206, 209 (3d Cir. 1002). The requirement of a plan is not intended as a requirement of a writing. Id. A plan "is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." Id. (internal citations omitted); see also Gruber v. Hubbard Bert Karle Weber, Inc., 159 F.3d 780, 789 (3d Cir. 1998) ("An ERISA plan exists if . . . a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits."). For example, a lump sum payment, triggered by a single event, requiring no administrative scheme, is not an employee benefit plan under

---

[3] An employee welfare benefit plan is defined, in relevant part, as "any plan, fund, or program which was ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise ... benefits in the event of ... death." 29 U.S.C. § 1002(1).

ERISA. <u>Angst</u>, 969 F.2d at 1538 (<u>citing</u> <u>Fort Halifax</u>, 482 U.S. at 12).

Although whether an ERISA plan exists is "a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person," <u>Deibler</u>, 973 F.2d at 209 (internal citations omitted), on a motion to dismiss the Court must determine whether the Complaint alleges plausible grounds for relief. <u>Twombly</u>, 127 S. Ct. at 1965-66; <u>see</u> <u>Brennan</u>, 2005 WL 2807195, at *16 (dismissing complaint for failure to allege the existence of an ERISA plan due to lack of "allegations having to do with the benefits, beneficiaries, administrator, funding, procedures, intentions of [defendant] and involvement of [defendant] with regard to the alleged plan"); <u>Stokes v. Local 116 of Intern. Union of Electronic, Elec., Salaried, Mach. and Furniture Workers</u>, No. 92-3131, 1993 WL 23895, at *8 (E.D. Pa. Feb. 2, 1993) (dismissing for the failure to plead the existence of an ERISA plan).

    **A.**     **The Complaint Does Not Allege an ERISA Plan**

The Complaint alleges that National Starch had a severance plan, and Celanese agreed to provide Frommer with benefits "no less favorable overall" than this plan. The Court concludes that this allegation does not allege an ERISA plan established or maintained by Celanese. Although the Complaint alleges that Celanese expressed an intention to provide severance benefits of some kind, the Complaint provides no grounds to support an inference that Celanese had an intention to provide benefits on a regular and long-term basis that would necessitate an administrative scheme. Moreover, it cannot be ascertained from the alleged agreement what benefits were intended, the source of financing, or the procedures for receiving the benefits.

Even if the Court assumes that Celanese's agreement to provide Frommer with benefits "no less favorable overall" than the National Starch severance plan meant that Celanese agreed to

provide benefits identical to those provided by the National Starch severance plan, the Complaint fails to allege any facts to show why such an agreement implicates an ERISA plan.  The Complaint alleges that the National Starch severance plan "paid at termination a severance payment of two weeks compensation times years of service times 1.20 (age factor) and payment for six months COBRA coverage, among other benefits."  Compl. ¶ 6.  This is merely an allegation of a lump sum payment, plus unidentified "other benefits."  As described above, a lump sum payment, triggered by a single event, requires no administrative scheme and is not an employee benefit plan under ERISA.  Angst, 969 F.2d at 1538.  Likewise, the Court concludes that the allegation of "other benefits" does not implicate ERISA because the allegation does not imply the necessity of an administrative scheme.

      The Court disagrees with Frommer's claim that the allegations in the Complaint imply that Celanese established and administered an ERISA plan.  Pl. Br. at 11.  Frommer does not cite to any sections of the Complaint to support this argument.  Id.  Instead, he refers the Court to documents that cannot be considered on the present motion.[4]  Id.  Likewise, the Court disagrees with Frommer's argument that he need not allege that an ERISA plan was established or maintained by Celanese because "every element of a claim need not be alleged in a Complaint." Id.  The Complaint must allege plausible grounds for the ERISA claim sufficient to raise the right to relief on the ERISA claim "above the speculative level."  See Twombly, 127 S.Ct. at 1965-66. The Court concludes that the Complaint fails to do so.  Therefore, the Court will dismiss the

---

[4]The Court will not, at this time, consider the eight pieces of correspondence between Frommer and Celanese submitted with Frommer's opposition brief.  These documents are neither integral to the Complaint, nor referenced therein.

ERISA claim, without prejudice.[5]

## IV.    CONCLUSION

For the foregoing reasons, the Complaint does not allege an ERISA claim.  Therefore, that claim is dismissed without prejudice.


Dated: November 15, 2007


                                                 s/ Garrett E. Brown, Jr.
                                                 GARRETT E. BROWN, JR., U.S.D.J.

---

[5]The Court need not address Celanese's argument that the ERISA claim must be dismissed for the additional reason that Frommer has not exhausted his administrative remedies.