**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLENN FROMMER, | |
| Plaintiff, | Civ. No. 07-4066 (GEB) (JJH) |
| v. | **MEMORANDUM OPINION** |
| CELANESE CORPORATION, | |
| Defendant. | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of defendant Celanese Corporation ("Celanese") to dismiss portions of Plaintiff's First Amended Complaint ("FAC") pursuant to Rule 12(b)(6) or, in the alternative, for a more definite statement pursuant to Rule 12(e). The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court will grant in part and deny in part the motion to dismiss.

**I.   BACKGROUND**

On July 16, 2007, plaintiff Glenn Frommer ("Frommer") filed a complaint in the Superior Court of New Jersey, Law Division, Somerset County. Celanese removed the case to this Court on August 24, 2007. On November 15, 2007, this Court dismissed the ERISA claim from the initial complaint because the existence of an ERISA plan was not alleged. The next day, Plaintiff filed the First Amended Complaint. In the First Amended Complaint, Plaintiff asserts an ERISA claim, a claim for "Breach of Contract/Promissory Estoppel," a claim for negligent

misrepresentation, and a claim under New Jersey's Law Against Discrimination.

On December 18, 2007, Celanese filed the present motion. Celanese seeks to dismiss Plaintiff's claims for "Breach of Contract/Promissory Estoppel" and negligent misrepresentation, because, according to Celanese, these state law claims are preempted by ERISA. Celanese also argues that Plaintiff's negligent misrepresentation claim should be dismissed for failure to state a claim or, in the alternative, the Court should require Plaintiff to submit a more definite statement of this claim.

## II.   STANDARD OF REVIEW

A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought. Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965-66 (2007) (abrogating the Conley standard that the "complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level. Id. at 1965. The issue before the Court "is not whether plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence in support of the claims." Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

Federal Rule of Civil Procedure 12(e) permits a defendant to make a motion for a more definite statement "[i]f a pleading . . . is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading." FED.R.CIV.P. 12(e). Such a motion "shall point out the defects complained of and the details desired." Id. The Third Circuit has stated that when a

complaint does not provide a defendant with notice of the facts underlying the plaintiff's claims, a "Rule 12(e) motion for a more definite statement is perhaps the best procedural tool available to the defendant to obtain the factual basis underlying [the] plaintiff's claim for relief." Thomas v. Independence Twp., 463 F.3d 285, 301 (3d Cir.2006). However, whether to grant such a motion is soundly within the district court's discretion. Clark v. McDonald's Corp., 213 F.R.D. 198, 232 (D.N.J. 2003).

### III. DISCUSSION

#### A. ERISA Preemption

Section 514(a) of ERISA states that ERISA "shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has stated that this "broadly worded provision is 'clearly expansive.'" Egelhoff v. Egelhoff ex rel. Breiner, 532 U.S. 141, 146 (2001); see also Pane v. RCA Corp., 868 F.2d 631, 635 (3d Cir. 1989) ("The term 'relate to' has been construed broadly."). Thus, preemption is not limited to "'state laws specifically designed to affect employee benefit plans.'" Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 48 (1987) (citations omitted). The Supreme Court has determined that the purpose of § 514(a) is to "'eliminat[e] the threat of conflicting and inconsistent State and local regulation.'" N.Y. State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645, 657 (1995). This Court must make its preemption decision in light of that purpose. Kollman v. Hewitt Associates, LLC, 487 F.3d 139, 147 (3d Cir. 2007).

The Court undertakes a two step process to determine whether state claims are preempted. First, the Court "must determine if the defendant had an ERISA benefit plan. Second, [the Court] must analyze whether the state laws 'relate to' that plan." Alston v. Atlantic

3

Elec. Co., 962 F. Supp. 616, 622 (D.N.J. 1997) (citing Pane v. RCA Corp, 667 F. Supp. 168, 170 (D.N.J. 1987), aff'd, 868 F.2d 631 (3d Cir. 1989)); see also Hailey v. AGL Resources, Inc., No. 07-2352, 2008 WL 482331, at *4 (D.N.J. Feb. 19, 2008) (utilizing the two step process); Way v. Ohio Casualty Ins. Co., 346 F. Supp. 2d 711 (D.N.J. 2004) (same).

Here, the parties apparently agree that Defendant had an ERISA plan. FAC ¶ 39 ("Celanese established, maintained and continues or maintains a separate and ongoing severance plan and benefits for its employees who transferred from and/or were formerly employed with National Starch, including the plaintiff"); Reply Br. at 3 ("Defendant does not contest the existence of an ERISA plan"); Id. at 5 ("as plaintiff alleges, Celanese maintained [an ERISA plan] for the benefit of those employees who were formerly employed by National Starch"). Therefore, the Court need only consider whether the Counts II and IV "relate to" this plan.

Plaintiff does not address this issue directly. In his opposition brief, Plaintiff refers to ERISA preemption as a "technicality" and makes an equitable argument. (Opp. Br. at 7-11.) Plaintiff argues, without reference to any case law, that "it is premature for this Court to address these issues," and that "it would be unfair to the plaintiff to now dismiss his state law claims" if the ERISA claim is later dismissed. (Id. at 8-9.) Plaintiff argues that only when his "allegations for severance benefits [are found to] satisfy all the requirement of the ERISA statute and case law, all of his state law claims relating to severance plan benefits" will be preempted. (Id. at 8.)

The Court disagrees. As other courts have noted, "the availability of a federal remedy is not a prerequisite for federal preemption." Bernatowicz v. Colgate-Palmolive Co., 785 F. Supp. 488, 494 (D.N.J. 1992) (quoting Lister v. Stark, 890 F.2d 941, 946 (7th Cir. 1989)); see also Young v. Reconstructive Orthopaedic Associates, II, P.C., No. Civ. A. 03-2034, 2005 WL

4

627796, at *13 (E.D.Pa. 2005) (holding that even if plaintiff's ERISA claims fail because she is not a plan participant, her state law claims do not avoid preemption); Shulman v. Hosposable Prods., Inc., No. 89-4822, 1991 WL 160340, at *3 (D.N.J. Aug. 12, 1991) (dismissing state law claims as preempted even though plaintiffs could not maintain an action under ERISA); Pane, 667 F. Supp. at 172 (finding claim that employer violated agreement to provide employee with severance agreement was preempted, regardless of whether employee was actually covered by severance agreement), aff'd, 868 F.2d 631 (3d Cir. 1989). Plaintiff cites no case law to the contrary and fails to address the cases cited in the moving brief.

A law "relates to" an employee benefit plan if it "has a connection with or reference to such a plan." Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983). In Pane, the Third Circuit dismissed as preempted the plaintiff's breach of contract claims. The Pane court found that these claims had a connection with or reference to the plan, in light of the fact that the claims "simply contend that state law and ERISA co-exist for purposes of enforcement of the plan." Pane, 868 F.2d at 635. In another case, the Third Circuit found common law fraud claims were related to an ERISA plan where the "claim requires the court to examine the terms of the employee benefit plan and any representations made about that plan." Rieser v. Standard Life Ins. Co., 159 Fed. Appx. 374, 378 (3d Cir. 2005); see also Kollman, 487 F.3d at 150 (finding that state law claims relate to an ERISA plan where "[a]ny adjudication of [the state law claims] would necessarily require a court to consider the Plan in detail").

Here, Plaintiff maintains ERISA claims "for defendant's failure to pay his severance plan benefits under the Celanese severance plan for employees who transferred from and/or were formerly employed with National Starch." (First Am. Compl. ¶ 44.) Plaintiff also alleges that the

5

"defendant was in and remains in breach of contract for its failure to make payment of the plaintiff's <u>severance plan benefits</u>, long-term incentive plan payments, bonus, payment for accrued and unused vacation days, and other benefits." (<u>Id.</u> ¶ 48 (emphasis in original).) This claim appears to "contend that state law and ERISA co-exist for purposes of enforcement of the plan," see <u>Pane</u>, 868 F.2d at 635. Moreover, it requires the Court to "examine the terms of the employee benefit plan and any representations made about that plan." See <u>Rieser</u>, 159 Fed. Appx. at 378. Furthermore, such preemption would be consistent with the purpose of the preemption statute because it would eliminate claims that would interfere with the ERISA plan. See <u>Travelers Ins. Co.</u>, 514 U.S. at 657 (discussing purpose of ERISA preemption). Therefore, the Court concludes that Plaintiff's breach of contract/promissory estoppel claim "relates to" the ERISA plan and is preempted to the extent it concerns ERISA plan benefits. Similarly, Plaintiff's negligent misrepresentation claim, which incorporates the prior allegations in the FAC appears to be based, in part, on the "representations made about" the severance plan and is preempted to that degree. (FAC ¶¶ 7-12, 52-54.)

On the other hand, Plaintiff's state law claims seeking recovery for long-term incentive plan benefits, bonus, payment for accrued and unused vacation days and other non-severance plan benefits, have little to do with the ERISA plan. The Court fails to see how these allegations "relate to" an ERISA plan. Therefore, to the extent Plaintiff seeks recovery of these non-severence plan benefits under breach of contract, promissory estoppel or negligent misrepresentation theories, there is no preemption. See <u>Sorosky v. Burroughs Corp.</u>, 826 F.2d 794, 799-800 (9th Cir. 1987) (holding that an employee's claim of breach of contract and wrongful discharge in part relied on theories independent of the benefit plan and thus was not

entirely preempted).

### B. Rule 8(a)(2)

Under New Jersey law, "negligent misrepresentation requires a showing that defendant negligently provided false information and that plaintiff incurred damages proximately caused by its reliance on that information." Highlands Ins. Co. v. Hobbs Group, LLC., 373 F.3d 347, 351 (3d Cir. 2004); see also Masone v. Levine, 887 A.2d 1191, 1195 (N.J. App. Div. 2005) (negligent misrepresentation requires "that the defendant negligently made an incorrect statement of a past or existing fact, that the plaintiff justifiably relied on it and that his reliance caused a loss or injury") (citing Kaufman v. i-Stat Corp., 754 A.2d 1188, 1196 (N.J.2000)).

Defendant argues that the Court should dismiss the claim for negligent representation because the FAC does not "set forth the grounds upon which the claim rest." First, Defendant argues that this cases is "strikingly similar" to Connolly v. Mitsui O.S.K. Lines (America) Inc., No. 04-5127, 2007 WL 4207836 (D.N.J. Nov. 21, 2007). The Connolly court ruled that the complaint in that case did not contain "any facts that support the conclusory allegations that [defendant] provided [plaintiff] with false information that she relied on." 2007 WL 4207836, at *8-9.

Second, Defendant makes the additional argument that "the Amended Complaint [does not] contain any allegations that defendant made incorrect statements of a past or existing fact." (Reply Br. at 8-9.) Defendant contends that the First Amended Complaint only contains allegations of representations made to plaintiff "concerning things to be done in the future," as opposed to statements of a past or existing fact. (Id. at 8.)

The Court concludes that the First Amended Complaint states plausible grounds for

7

Plaintiff's entitlement to relief under a negligent misrepresentation theory. First, this case is distinguishable from Connolly because here, plaintiff does more than merely make conclusory allegations. The First Amended Complaint outlines particular "incorrect" representations made by Defendant and relied upon by Plaintiff prior to Plaintiff's employment with Defendant. (Compl. ¶¶ 10-12, 31, 54.) These allegations are sufficient to raise a right to relief above a speculative level. Second, the Court rejects Defendant's argument concerning past or existing facts. The representations alleged to have been made by Defendants could plausibly be understood to concern an existing fact, namely the nature of the employment offer being made to Defendant. Thus, the Court will not dismiss the negligent misrepresentation claim on these grounds.

Finally, the Court sees no need for a more definite statement. The First Amended Complaint is not so vague and ambiguous that Defendant cannot reasonably be required to frame a responsive pleading. Plaintiff alleges that defendant made specific incorrect representations concerning certain employment benefits, that Plaintiff relied upon these representations and was damaged as a result of this reliance. Discovery will provide Defendant with the additional information it seeks. 5C Wright & Miller, Federal Practice & Procedure § 1376 (noting that Rule 12(e) is not a substitute for discovery).

## IV. CONCLUSION

For the foregoing reasons, the Plaintiffs claims are partially preempted by ERISA.

Plaintiff's claims are dismissed with prejudice to the extent they are preempted.

Dated: April 18, 2007

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.
